# IN THE COURT OF APPEALS OF IOWA

No. 15-1755
Filed January 27, 2016

**IN THE INTEREST OF J.G., I.G., and I.G.,**
**Minor Children,**

**J.R.G.-S., Father,**
　　Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Judd Parker of Parker Law Office, Clinton, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Jennifer Olsen, Davenport, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Mullins and McDonald, JJ. Tabor, J., takes no part.

**DANILSON, Chief Judge.**

The father's parental rights to his three children were terminated[1] on October 2, 2015, pursuant to Iowa Code sections 232.116(1)(d), (f), and (i) and 232.117 (2015). On appeal, he contends grounds for termination did not exist under section 232.116(1)(d) and termination of his parental rights was not in the children's best interests. He also contends he was denied his due process rights because the juvenile court did not allow him to testify by telephone, refused his motion to continue, would not allow him to call witnesses as to the oldest child's wishes about termination, and would not allow him to subpoena former counsel. Finally, he contends the court erred in finding section 232.116(3)(b) did not preclude termination. Finding clear and convincing evidence to support termination, we affirm.

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). Although we are not bound by the juvenile court's findings of fact, we do give them weight, especially in assessing the credibility of witnesses. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is considered "clear and convincing" when there are no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *Id.*

*A. Claims not preserved.* While the father made a motion to appear by telephone, he did not raise the due process issues raised here now in the

---

[1] The mother's rights were also terminated, and she does not appeal.

juvenile court, and we decline to address them. *See In re A.M.*, 856 N.W.2d 365, 371 n.5 (Iowa 2014) (declining to reach constitutional issue first raised on appeal from termination of parental rights).

In any event, when the State seeks to terminate the relationship between a parent and a child, the State must comply with the requisites of the Due Process Clause. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 37 (1981). In considering what process is due to a parent, we have stated:

> Where a parent receives notice of the petition and hearing, is represented by counsel, counsel is present at the termination hearing, and the parent has an opportunity to present testimony by deposition, we cannot say the parent has been deprived of fundamental fairness.

*In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991). Here, the court allowed the father to testify by telephone; however, the poor connection did not allow transcription so the court terminated the attempt and allowed the father to provide any written information he wished. The father was able to "testify" by a written statement submitted after all testimony and the statement was entered as an exhibit. Subsequently, the father did provide a ten-page exhibit, which included statements he wished to make. We think this method although not ideal, serves the same purpose as the deposition and satisfies the fundamental fairness requirement. The father was provided notice of the termination proceedings, was represented by counsel, and participated to some degree by telephone and by written statements. *See In re N.H.*, No. 15-0691, 2015 WL 5577069, at *2-3 (Iowa Ct. App. Sept. 23, 2015) (denying father's argument that his constitutional rights were violated when the court denied his request to

appear personally or telephonically during termination hearing and when the court denied his motion for a continuance of the termination hearing).

*B. Grounds for termination.* When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Section 232.116(1)(f) provides that termination may be ordered when there is clear and convincing evidence a child over the age of four who has been adjudicated a CINA and removed from the parents' care for the last twelve consecutive months cannot be returned to the parents' custody at the time of the termination hearing. Iowa Code § 232.116(1)(f). There is clear and convincing evidence grounds for termination exist under Iowa Code section 232.116(1)(f): (1) the children are over four years of age—J.G. was born in October 2004, Iv.G. was born in December 2005, and Is.G. was born in April 2010; (2) the children were adjudicated children in need of assistance (CINA) on October 30, 2014;[2] (3) they have been out of the parents' custody for at least twelve consecutive months—since September 17, 2014, when their mother abandoned them and their father was incarcerated in California; and (4) because the father is incarcerated and does not expect to be released for at least nine months, the children cannot be returned to his care at present.

*C. Best interests of the children.* "Even after we have determined that statutory grounds for termination exist, we must still determine whether

---

[2] This is not the first time the department of human services (DHS) has been involved with this family. DHS had voluntary services with the mother and children from March to October 2009 and then again from July 28, 2011, to November 5, 2012. The children were previously adjudicated CINA on September 9, 2011, and were in foster care from August 2011 to July 2012.

termination is in the children's best interests." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012); *accord* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

During the course of the current CINA proceedings, the father was deported to Mexico where he holds citizenship. He returned to the United States and was again incarcerated. At the time of the August 25, 2015 permanency hearing, the father was incarcerated in California and had been sentenced to an additional eighteen months in prison. At the time of the termination trial— September 30, 2015—he was in prison in the state of Mississippi and expected to be released in about nine months with good behavior. However, he was facing possible deportation at the completion of his prison sentence.

The father has had limited interactions with the children in the last three years. He saw his children for a short period in 2014 and has not otherwise seen them since November 2012. He has had somewhat regular phone conversations with the children when he was in the United States and available by telephone.

The children's guardian ad litem (GAL)[3] provided a report to the court. The GAL supports termination of the father's parental rights. The children's GAL reported the youngest child does not remember the father. The middle child does not wish to see the father. The oldest child, age ten, expresses that she did

---

[3] "The overriding concern of a GAL is to represent the best interests of the child even when the child's wishes differ." *State v. Lopez*, 872 N.W.2d 159, 176 (Iowa 2015).

not wish to see her father or live with him. The children are currently in foster care, and their needs are being met.

Giving primary consideration to the children's safety, to the best placement for furthering the long-term nurturing and growth of the children, and to the physical, mental, and emotional condition and needs of the children, we conclude termination of the father's parental rights is in their best interests.

*D. Mitigating factor.* The father contends section 232.116(3)(b) allows the juvenile court not to terminate when "[t]he child is over ten years of age and the child objects to the termination." Section 232.116(3) provides that "[t]he court need not terminate the relationship between the parent and child" under certain circumstances. Iowa Code § 232.116(3). "A finding under subsection 3 allows the court not to terminate." *A.M.*, 843 N.W.2d at 113. But the "'factors weighing against termination in section 232.116(3) are permissive, not mandatory' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *Id.* (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship. *In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993).

The father argues he was not allowed to subpoena the child to ask whether she objected to termination. The trial court has discretion to determine that a child need not be called as a witness when the best interests of the child weigh against use of the child's testimony in juvenile court. *Mauk v. State Dep't*

*of Human Servs.*, 617 N.W.2d 909, 913 (Iowa 2000). Moreover, even if a child over ten years of age objects, we must still determine whether termination is in the child's best interests. *See In re T.P.*, 757 N.W.2d 267, 271 (Iowa Ct. App. 2008). The child expressed no desire to live with the father to the GAL, and the father remains incarcerated and subject to possible deportation thereafter. The juvenile court found, and we concur, that these children are in need of permanency and no statutory factor precludes termination.

*E. Continuance.* The father argued to the trial court that he needed a continuance to conduct discovery because he had not been available to his attorney since the permanency hearing because he was being moved to a new facility. He asked for additional time to conduct depositions and prepare for trial. Under Iowa Court Rule 8.5, part of the Iowa Rules of Juvenile Procedure, "A motion for continuance shall not be granted except for good cause." *See In re R..B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013). "Our review of the court's denial of the motion on a non-constitutional ground is for an abuse of discretion, and we will reverse only 'if injustice will result to the party desiring the continuance.'" *Id.* We find no injustice resulted from the denial of the continuance.

**AFFIRMED.**